```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

| | |
|---|---|
| OTIS EUGENE LONG,      * | |
| Plaintiff,             * | |
| vs.                    * | CASE NO. 3:05-CV-105(CDL) |
| DeANGELO BROTHERS, INC.,* | |
| Defendant.             * | |

O R D E R

Presently pending before the Court is Plaintiff's Motion to Remand (Doc. 10). Also before the Court is Defendant's Motion to Dismiss (Doc. 3). For the reasons set forth below, Plaintiff's Motion to Remand is granted. Accordingly, the Court will take no action on the pending Motion to Dismiss.

BACKGROUND

Plaintiff, a Georgia resident, is a former employee of Defendant, a Pennsylvania corporation. In 1999, Plaintiff entered a "Non-Disclosure and Non-Competition Agreement" ("Agreement") with Defendant. Plaintiff later resigned from his employment, and he has since sought to engage in business that Defendant contends is in violation of the Agreement. Plaintiff filed suit against Defendant in the Superior Court of Athens-Clarke County, Georgia, seeking a declaration that the Agreement is unenforceable. Plaintiff also seeks to enjoin Defendant from taking action that might affect Plaintiff's ability to conduct business. Defendant removed the case to this Court based upon diversity of citizenship. Plaintiff seeks to remand the case, contending that Defendant has not proved that the amount in controversy exceeds $75,000.

DISCUSSION

Removal to federal court is authorized if a case might have been brought in federal court originally. 28 U.S.C. § 1441. Here, Defendant bases federal jurisdiction upon diversity of citizenship, which requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332. There is no question in this case that there is diversity of citizenship between the parties. However, Plaintiff contends that the amount in controversy requirement is not met.

Because Defendant removed this case to federal court, Defendant bears the burden of proving federal jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where a plaintiff has not pled a specific amount of damages, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* And where, as here, a plaintiff seeks injunctive or declaratory relief rather than damages, the court must consider the monetary value of the relief sought from the plaintiff's perspective in determining whether the amount in controversy requirement is met. *See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 220 (11th Cir. 1997). "The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[] if the injunction were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).

Defendant contends that the value of injunctive relief in this case is at least $100,239.41. This amount includes one contract that Plaintiff has actually secured, allegedly in violation of the

2

Agreement, valued at $31,720.50. The remainder of the amount includes the value of bids which Plaintiff has submitted, allegedly in violation of the Agreement, but which have not yet resulted in any contracts for Plaintiff. It is not certain that granting Plaintiff's requested relief would, as Defendant suggests, permit Plaintiff to perform $100,239.41 worth of work. Rather, granting Plaintiff's requested relief would allow Plaintiff to perform $31,720.50 worth of work and allow him to compete for additional contracts. From the pleadings and briefs, the Court cannot determine what, if any, monetary value should be assigned to the *opportunity* to compete for additional contracts. Therefore, the Court finds that the value of the chance to submit bids for additional contracts is "too speculative and immeasurable" to be considered in determining whether the amount in controversy requirement is met. *Ericsson GE Mobile Commc'ns, Inc.*, 120 F.3d at 221-22. Because the monetary value of the only measurable relief sought—the one contract actually secured by Plaintiff—is less than $75,000, the Court finds that Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Accordingly, the Court grants Plaintiff's Motion to Remand, and this case is remanded to the Superior Court of Athens-Clarke County.

    IT IS SO ORDERED, this 26th day of June, 2006.

                                        /s/Clay D. Land
                                            CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE